**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:17-CV-00844-WYD

BRANDON FRESQUEZ,

Plaintiff,

vs.

BNSF RAILWAY COMPANY,

Defendant.

_____

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**
_____

COMES NOW the Defendant, BNSF Railway Company ("BNSF"), by and through its attorneys, Hall & Evans, L.L.C., and hereby submits its Answer and Jury Demand to Plaintiff's Complaint and Jury Demand.

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1 insofar as they relate to BNSF. The remainder of Paragraph 1 calls for a conclusion of law to which no response is required.

2. Defendant denies the allegations in Paragraph 2.

## PARTIES

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

## JURSIDICTION AND VENUE

5. Defendant admits federal question jurisdiction is proper.

6. Defendant admits venue is proper in this Court and further admits on information and belief that Plaintiff resides in Colorado. Defendant denies the remaining allegations in Paragraph 6.

## **FACTUAL ALLEGATIONS**

7. Defendant admits that Fresquez worked at times as a track inspector for Defendant, inspecting the track for defects and reporting those defects to Defendant, but denies the remaining allegations in Paragraph 7.

8. Defendant admits that the Federal Railroad Administration issues standards governing railroad tracks, but denies that Plaintiff accurately characterizes the application of those standards and therefore denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 17 regarding May 3, 2016, and therefore denies the same.

18. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 18 and therefore denies the same.

19. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 19 regarding May 4, 2016, and therefore denies the same.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 21, and therefore denies the same.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 23 and therefore denies the same.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that Plaintiff was removed from service for insubordination, that a hearing was held pursuant to the terms of Plaintiff's collectively bargained-for employment agreement, and that Plaintiff was dismissed for his misconduct in compliance with BNSF's Policy for Employee Performance Accountability. Defendant denies the remaining allegations in Paragraph 28.

## CAUSE OF ACTION

29. Paragraph 29 calls for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits the allegation in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33

## VIOLATIONS OF 49 U.S.C. § 20109(a)(2)

34. Paragraph 34 states a proposition of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant admits the allegation in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## VIOLATIONS OF 49 U.S.C. § 20109(b)(1)(A)

39. Paragraph 39 states a proposition of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

## REQUEST FOR RELIEF

44. Paragraph 44 is an unfounded request for a legal finding to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44, and further denies that Plaintiff is entitled to any relief.

45. Paragraph 45 is a request for relief to which no response is required. To the extent a response is required, BNSF denies that Plaintiff is entitled to any of the relief he seeks.

46. Paragraph 46 is a request for relief to which no response is required. To the extent a response is required, BNSF denies that Plaintiff is entitled to any of the relief he seeks.

Defendant denies any allegations in Plaintiff's complaint not specifically admitted in this answer, and specifically denies Plaintiff is entitled to the relief stated in the Request for Relief section of his Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to Plaintiff's Complaint:

1. Plaintiff fails to state a claim upon which relief can be granted under the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20109.

2. Plaintiff's claims are barred in whole or in part because he did not engage in good faith in protected conduct under the FRSA.

3. To the extent Plaintiff seeks to pursue claims based on acts which occurred more than 180 days before the filing of a complaint with the Occupational Safety and Health Administration, those claims are barred in whole or in part by the statute of limitations.

4. Plaintiff's claims are barred in whole or in part because he failed to satisfy administrative prerequisites and/or exhaust administrative remedies.

5. Plaintiff's claims are barred in whole or in part because he cannot prove the relevant decision-maker(s) had knowledge of the alleged protected activity.

6. Plaintiff's claims are barred in whole or in part because he has not alleged any circumstances sufficient to raise the inference that any protected conduct was a contributing factor in any adverse employment action, and cannot prove intentional retaliation prompted by Plaintiff engaging in any alleged protected activity.

7. Plaintiff's claims are barred in whole or in part because he has failed to allege that any similarly situated employee who did not engage in protected conduct was treated better than Plaintiff.

8. All claims for relief pursued under FRSA as alleged in the Complaint are preempted, superseded or otherwise precluded by federal law including without limitation the Railway Labor Act.

9. Defendant did not take any action against Plaintiff as a result, in whole or in part, of any protected activities as defined by law and engaged in by Plaintiff, nor was any protected activity alleged in the Complaint a cause of any discipline or other claimed discriminatory act against Plaintiff.

10. Any and all actions taken with respect to Plaintiff's employment were for legitimate and non-retaliatory reasons and not because of any protected activities under 49 U.S.C. § 20109.

11. Plaintiff's claims for relief under FRSA as alleged in the Complaint may be barred by doctrines of waiver, laches or estoppel.

12. Defendant pleads the defense of preclusion/preemption.

13. Plaintiff's claims are barred in whole or in part by res judicata and collateral estoppel.

14. Defendant is not liable for punitive damages because it has not acted maliciously or with reckless disregard for Plaintiff's rights.

15. Defendant is not liable for punitive damages because any alleged unlawful or improper acts were contrary to its reasonable and good faith efforts to fully investigate and take the appropriate remedial measures in response to allegations of employee misconduct.

16. Defendant exercised reasonable care to prevent and promptly correct any workplace harassment, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, and failed to otherwise take reasonable steps to avoid harm.

17. If the Court determines that any of Defendant's agents acted maliciously or with reckless indifference to Plaintiff's rights under the FRSA, such acts were contrary to Defendant's good faith efforts to comply with the FRSA, and as such Defendant cannot be held vicariously liable for any award of punitive damages.

18. Imposing punitive damages deprives BNSF of property without due process of law in violation of BNSF's rights under the United States Constitution and analogous provisions of the applicable state constitution, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

19. All claims for relief under the FRSA as alleged in the Complaint may be barred under the election of remedies provisions of 49 U.S.C. § 20109(f).

20. If Plaintiff can show that he engaged in protected activity that contributed to Defendant's decision to take any alleged adverse action against him, which Defendant denies, Defendant can show that it would have taken the same action absent any claimed protected activity.

21. Plaintiff may have failed to mitigate his damages, if any.

22. Any damages awarded to Plaintiff must be reduced or offset by compensation, savings in expenses, and benefits Plaintiff received that he would not have received had the events he complains of not occurred, including but not limited to wages, wage continuation, Railroad Retirement Board Benefits, supplemental sickness benefits, medical benefits, and any other income or benefits.

23. Defendant pleads the after-acquired evidence doctrine as to pre- and post-dismissal conduct.

24. Defendant avers neither reinstatement nor front pay are warranted in this case.

25. Defendant avers Plaintiff will be unable to prove any claim for emotional distress.

26. Defendant reserves the right to designate additional defenses that arise during investigation, discovery or otherwise.

Accordingly, Defendant asks that every request for relief or cause of action alleged in Plaintiff's complaint be dismissed with prejudice and Defendant recover its costs and fees herein, and that this Court grant such other relief as it deems just and proper.

Defendant requests a jury trial on all issues so triable.

DATED this 28th day of April, 2017.

                              HALL & EVANS, L.L.C.

By:   *Keith M. Goman*
      Keith M. Goman, #37769
      1001 17th Street, Suite 300
      Denver, CO 80202
      T:  (303) 628-3423
      F:  (303) 628-3368
      gomank@hallevans.com
      *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the foregoing was delivered via CM/ECF filing this 28th day of April 2017, addressed to the following recipients:

Matthew H. Morgan (MN# 304657)
morgan@nka.com
Nicholas D. Thompson (MN #389609)
nthompson@nka.com
80 South Eighth Street
4600 IDS Center
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

                                                    /s/ *Rochelle Gurule*
                                                      Rochelle Gurule
                                                      Legal Assistant