IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00844-WJM-SKC

BRANDON FRESQUEZ,

    Plaintiff,

vs.

BNSF RAILWAY CO.,

    Defendant

_____

**BNSF'S MOTION FOR HEARING ON MOTION FOR BACK AND
FRONT PAY AND MOTION FOR ATTORNEYS' FEES AND COSTS,
AND FOR DISCOVERY ON ATTORNEYS' FEES**
_____

Defendant BNSF Railway Co. moves for a hearing on Plaintiff's Motion for Back and Front Pay, [ECF 166], and Plaintiff's Motion for Fees and Costs, [ECF 165], and for discovery relating to Plaintiff's Motion for Fees and Costs, as follows:

1. <u>Certificate of Conferral</u>: Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned counsel conferred with counsel for Plaintiff, Nick Thompson, with respect to this Motion. Mr. Thompson indicated that Plaintiff objects to BNSF's request for written discovery relating to attorneys' fees, and stated that Plaintiff would agree to a hearing on lost wages and fees and costs only if BNSF drops its objection to payment of travel expenses for his attorneys.

2. At the trial in this matter, the Court ruled that the issue of back pay and front pay would be decided by the Court and not by the jury. As a result, the Court determined that any evidence relating to back pay and front pay did not need to be presented to the jury, and could be

4202128.1

held for a post-trial hearing, if needed. After the jury rendered its verdict on February 19, 2019, the Court ordered the parties to confer regarding the issues of lost wages and attorneys' fees and costs, and indicated that it would set a post-trial hearing on those issues if no agreement could be reached.

3. On March 14, 2019, the parties submitted a Joint Status Report, noting that the parties had been unable to reach an agreement on the issue of lost wages and requesting an evidentiary hearing with oral argument. [ECF 155 at pp.1-2]. The parties further noted that disputes remained regarding some aspects of Plaintiff's request for attorneys' fees and costs, and proposed that Plaintiff submit a motion for fees and costs with supporting affidavits and BNSF submit a brief in opposition with supporting affidavits. [*Id.* at p.2]. The parties stated that they did not anticipate an evidentiary hearing on fees and costs but did request oral argument on those issues and the opportunity to present further written argument after the hearing if the Court deemed it necessary. [*Id.*]

4. On March 22, 2019, the Court issued a Minute Order setting a hearing for June 6, 2019, on the issues of back and front pay and attorneys' fees and costs. [ECF 156]. The Court ordered the parties to submit briefing on these issues. [*Id.*] That briefing was completed on May 13, 2019. [ECF 165, 166, 169, 170].

5. Following the passing of Senior Judge Wiley Y. Daniel, who presided over the jury trial, this case was reassigned to Judge William J. Martinez on May 16, 2019. [ECF 171].

6. On May 24, 2019, the Court issued an Order vacating the hearing set for June 6, 2019, and indicated it would reset the hearing by separate order if deemed appropriate. [ECF 172].

7. Although Plaintiff has submitted evidence in support of his motion for lost wages,

2

in the form of the report of his economics expert (stipulated to in lieu of his testimony),[1] BNSF has not yet submitted its evidence of Plaintiff's failure to mitigate his damages. BNSF did not present this evidence during the trial because the jury was not deciding lost wages, and it planned to call its vocational expert at the hearing on lost wages should it be necessary following the jury verdict. [Tr. Tran. 2 at 417:17-419:21, 421:19-423:8]. Contrary to Plaintiff, BNSF did not agree to present its evidence on mitigation of damages solely through the report of its vocational expert, as it believed live testimony would be more useful in assisting the Court with understanding the mitigation argument. For this reason, the expert report of BNSF's vocational expert was not submitted as an exhibit at trial and is not before the Court.[2]

8. The need for BNSF to present its evidence of failure to mitigate is highlighted by Plaintiff's Reply in Support of Motion for Back and Front Pay, in which he proclaims that BNSF "fails to present any factual basis for its position that there were suitable positions available which the claimant could have discovered, which he was qualified for, and failed to use reasonable diligence in seeking such positions," and then proceeds to misleadingly cite Ms. Bartmann's deposition for the proposition that she "failed to look at any employment data regarding job

---

[1] Plaintiff now disputes that he agreed to present Mr. Opp's opinions through his expert report, [ECF 174 at p.3], but the email exchange attached to BNSF's Response to Plaintiff's Motion for Back and Front Pay belies that effort. [ECF 169-1 (BNSF's counsel agreed to admit the reports from Plaintiff's damages experts "in lieu of having [them] testify," and Plaintiff's counsel states "we can agree to these stipulations.")].

[2] Plaintiff states incorrectly that all three expert reports on damages were admitted into evidence. [ECF 174 at p.3]. BNSF did not offer Ms. Bartmann's report into evidence because it planned to call her at the wage hearing, and BNSF's counsel made clear to Plaintiff's counsel that even though Plaintiff planned to submit his damages experts through their reports, BNSF needed to call Ms. Bartmann live at trial in order to address the critiques raised in Mr. Stein's report. [ECF 169-1].

3

openings during this time period." [ECF 174 at p.2]. In reality, Ms. Bartmann's report details the job market research she performed to formulate her opinion that Plaintiff did not make reasonable efforts to find alternative employment, and even includes a description of a multitude of specific positions Plaintiff was qualified for and which were available during the time he was unemployed or underemployed. Plaintiff should not be permitted to rely on the lack of evidence to support BNSF's mitigation defense by objecting to the hearing at which the parties and Court all anticipated such evidence would be presented.

9. Given that the parties both anticipated a hearing on the issues of lost wages and attorneys' fees and costs, and particularly given that BNSF has not yet had the opportunity to present its evidence of Plaintiff's failure to mitigate his damages, BNSF respectfully requests that the Court re-set the hearing on lost wages and attorneys' fees and costs, at a time convenient to the Court and the parties.

10. In addition, BNSF requests the opportunity to submit written discovery to Plaintiff directed solely at the issue of attorneys' fees. BNSF could not have submitted discovery relating to attorneys' fees during the pre-trial discovery, as it could have been objected to as premature. ***EEOC v. BNSF Ry. Co.***, 2014 U.S. Dist. LEXIS 78432, *19 (D. Kan. June 10, 2014). Now that the issue is ripe and Plaintiff is seeking attorneys' fees at a rate of $625/hour, [ECF 165], BNSF requests the opportunity to submit additional discovery, consisting of 5 interrogatories and 5 requests for production. *See id.* at *20. The discovery will be directed at the experience of Plaintiff's counsel, the basis for the requested hourly rate, and evidence that the requested hourly rate was either charged to clients by Plaintiff's counsel or awarded by any other court.

WHEREFORE, Defendant BNSF Railway Co. respectfully requests that the Court set a

4

4202128.1

hearing on Plaintiff's motion for lost wages and motion for attorneys' fees and costs after Defendant has had the opportunity to submit limited discovery relating to Plaintiff's attorneys' fees request.

Respectfully submitted this 21st day of June, 2019.

             */s/ Gillian Dale*
             Keith M. Goman, Esq.
             Gillian Dale, Esq.
             1001 Seventeenth St, Ste 300
             Denver, Colorado 80202
             Telephone: (303) 628-3300
             Facsimile: (303) 628-3368
             gomank@hallevans.com
             daleg@hallevans.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2019, I served a true and correct copy of the foregoing **BNSF'S MOTION FOR HEARING ON MOTION FOR BACK AND FRONT PAY AND MOTION FOR ATTORNEYS' FEES, AND FOR DISCOVERY ON ATTORNEYS' FEES** through CM/ECF addressed to:

**Moody Law Firm**
Nicholas D. Thompson
Jonathan L. Stone
nthompson@moodyrrlaw.com
jstone@moodyrrlaw.com
500 Crawford Street
Portsmouth, VA 23704

/s/ Denise Y. Gutierrez, Legal Assistant
Hall & Evans, L.L.C.
Keith M. Goman, Esq.
Gillian Dale, Esq.
Attorneys for Defendant
1001 Seventeenth ST, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
Email: gomank@hallevans.com
daleg@hallevans.com

6

4202128.1