## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| Brandon Fresquez,<br><br>                                  Plaintiff,<br><br>v.<br><br>BNSF Railway Co.,<br><br>                                  Defendant. | Case No. 1:17-cv-844-WJM-SKC<br><br>**PLAINTIFF'S UNCONTESTED MOTION FOR LEAVE** |

## INTRODUCTION

The Court ordered Plaintiff Brandon Fresquez and Defendant BNSF Railway Co. to submit their evidence on the amount owed to Fresquez for back and front pay by November 25, 2019, and Fresquez to supplement his motion for fees and costs by December 2, 2019. Fresquez's counsel mistakenly calendared both deadlines for the latter date. Thus, yesterday came and went without Fresquez submitting his evidence.

Fresquez respectfully requests that he be allowed to submit his evidence, which is attached as Exhibit A, and subsequently supplement his interest calculation. The relevant factors support Fresquez being allowed to so do. And even did they not, justice would favor the Court allowing it.

## FACTUAL BACKGROUND

On November 4, 2019, the Court ordered the parties to submit their evidence on the amount owed to Fresquez for back and front pay by November 25, 2019, and Fresquez to supplement his motion for fees and costs by December 2, 2019. (Order (Dkt. 193) at 34.) An employee who no longer works for Fresquez's counsel was responsible for calendaring the

applicable deadlines. (Stone Decl., ¶ 2 Thompson Decl., ¶ 2) Unfortunately, she calendared the deadline for both submissions for the latter date. (Stone Decl., ¶ 4; Thompson Decl., ¶ 4.)

Today, Fresquez's counsel saw that BNSF filed its submission yesterday. (Stone Decl., ¶ 5 Thompson Decl., ¶ 5.) Fresquez's counsel investigated why BNSF had filed its evidence when it did. (Stone Decl., ¶ 5; Thompson Decl., ¶ 5.) Such investigation resulted in Fresquez's counsel learning of their former paralegal's calendaring mistake. (Stone Decl., ¶ 6; Thompson Decl., ¶ 6.)

Fresquez's counsel immediately contacted BNSF, which graciously agreed not to object to this motion. (Goman Email Chain (Ex. B).) Fresquez's counsel also contacted Fresquez's expert, who had already provided his report to them but had not yet calculated the interest due.[1] (Opp Email Chain (Ex. C).) Finally, because they had not yet begun to draft the brief that is attached as Exhibit A, Fresquez's counsel then spent the day drafting it. (Stone Decl., ¶ 7; Thompson Decl., ¶ 7.)

Importantly, Fresquez's counsel's efforts did not include reading BNSF's submission. (Stone Decl., ¶ 8; Thompson Decl., ¶ 8.) Indeed, Fresquez's counsel has still not read BNSF's submission. (Stone Decl., ¶ 8 Thompson Decl., ¶ 8.) Thus, the calendaring mistake prejudiced only Fresquez. (Stone Decl., ¶ 8 Thompson Decl., ¶ 8.)

## **LEGAL STANDARD**

Motions made after the expiration of the deadline must demonstrate that the failure to timely file was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(2). "In determining whether neglect is ‚excusable,‟ in addition to all other relevant circumstances surrounding a party‟s omission, the following specific factors must be considered: (1) the danger of prejudice

---

[1] Unfortunately, Fresquez's expert informed Fresquez's counsel that a winter storm prevents him from calculating the interest today. (*Id.*)

to the non-moving party; (2) the length of the delay and its impact on the proceedings; (3) the reason for the delay, including whether it was under the control of the movant; and (4) whether the movant acted in good faith." *Nicholas v. Boyd*, No. 05-cv-02064-REB-MEH, 2006 U.S. Dist. LEXIS 57307, at *3 (D. Colo. Aug. 14, 2006) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

## ARGUMENT

The relevant factors support Fresquez being allowed to file Exhibit A and supplement his interest calculation when a storm no longer prevents his expert from being able to calculate it. Even did the relevant factors not so strongly support Fresquez being allowed to so do, the interests of justice would more than compensate. For the below-discussed reasons, Fresquez's motion should be granted.

## 1) RELEVANT FACTORS

### a. Prejudice

Prejudice to the non-moving party means undue difficulty prosecuting or defending against a lawsuit. *See*, *e.g.*, *Funk v. Syngenta Seeds, Inc. (In re Syngenta AG MIR 162 Corn Litig.)*, No. MDL No: 2591, 2016 U.S. Dist. LEXIS 126249, at *1918-19 (D. Kan. July 20, 2016). Because Fresquez's expert had already prepared his report and Fresquez's counsel did not review BNSF's evidence before submitting this motion, the calendaring mistake did not cause BNSF any undue difficulty defending itself. (*Supra* at 2) Indeed, only Fresquez has been prejudiced, namely by his counsel not spending the time on Exhibit A that they otherwise would have spent. (*Id.* at 1918-19)

### b. Delay

The calendaring mistake resulted in Fresquez submitting this brief one day after the deadline. (*Supra* at 2-3) At the same time, no deadlines are contingent on Fresquez submitting his evidence. (*Id.* at 1918-19) Thus, the length of the delay and its impact on the proceedings support Fresquez being granted leave to file his evidence and leave to supplement his interest calculation when the weather permits.

### c. Reason

The reason for the delay was within the control of Fresquez's counsel. (*Supra* at 2) But court recognize that mistakes happen. *See*, *e.g.*, *Rush v. Great Bend Reg'l Hosp., LLC*, No. 18-cv-1200-EFM-GEB, 2018 U.S. Dist. LEXIS 148019, at *4-5 (D. Kan. Aug. 30, 2018). Indeed, "[c]ourts have forgiven missed deadlines caused by such mistakes as clerical calendaring errors, miscalculations of deadlines, and mishandling of documents." *Id.* at *4.

### d. Good Faith

"'Good faith' means honesty in fact in the conduct  or transaction concerned." *Denbury Onshore, Ltd. Liab. Co. v. Christensen*, No. 14-cv-19, 2015 U.S. Dist. LEXIS 178994, at *6-7 (D. Wyo. May 11, 2015). Not only did Fresquez's failure to timely file his evidence result from an honest mistake but also his counsel has been forthright about such mistake. (*Supra* at 3) The good-faith element therefore also supports Fresquez being allowed to file Exhibit A and supplement his interest calculation when the weather permits.

## 2) JUSTICE

Even did the factors not so strongly support Fresquez being allowed to file his evidence one day after the deadline and subsequently supplement his interest calculation, justice certainly does. Ultimately, the Court's role is to ensure justice is meted out. *See*, *e.g.*, *Nicholas*, 2006 U.S. Dist. LEXIS 57307, at *4 (granting an untimely motion in the interests of justice). And injustice

would result from the back and front pay to which Fresquez is entitled being incorrectly calculated because of a calendaring mistake.

## CONCLUSION

For the forgoing reasons, Fresquez should be granted leave to file Exhibit A and supplement his interest calculation when the weather permits.

**THE MOODY LAW FIRM**

Date: November 26, 2019

/s/ Nicholas D. Thompson
Nicholas D. Thompson (MN#0389609)
nthompson@moodyrrlaw.com
Jonathan L. Stone (VA#75483)
jstone@moodyrrlaw.com
The Moody Law Firm
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Telephone: (757) 393-4093
Facsimile: (757) 397-7257

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2019, the foregoing was filed electronically with the Court, which notified all counsel of record using its ECF notification system.

/s/ Nicholas D. Thompson
ATTORNEY FOR PLAINTIFF