UNITED STATES DISTRICT COURT
THE DISTRICT OF COLORADO

| | |
|---|---|
| Brandon Fresquez,<br><br>                        Plaintiff,<br><br>v.<br><br>BNSF Railway Co.,<br><br>                       Defendant. | Case No. 1:17-cv-844-WYD-MLC<br><br>**UPDATED PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR BACK AND FRONT PAY** |

Under the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"), a plaintiff who prevails is entitled to backpay, with interest; reinstatement with the same seniority that the employee would have had but for the discrimination or, if reinstatement is not viable, reasonable front pay; and all litigation costs, including reasonable attorney fees. *See* 49 U.S.C. § 20109.

On November 27, 2019, this Court granted Plaintiff's Motion for Leave to file the Plaintiff's interest calculations on or before December 2, 2019. (Order Dkt. 197). This brief is updated only in so far as it provides Mr. Opp's interest calculations.

Front and Back Pay

On September 6, 2019, this Court held a hearing on the issue of back and front pay, and received into evidence the testimony and exhibits supporting Fresquez's calculations of both. In its November 4, 2019 order, this Court made multiple findings based on that evidence and directed the parties to provide supplemental expert reports calculating Fresquez's lost back and front pay consistent with the order. (Order (Dkt. 193) at 34-35.) Regarding the extent to which the supplemental reports are supposed to be consistent with the order, this Court made the following findings: (1) the testimony of Fresquez's expert—Jeffrey Opp—is sufficient to establish lost wages or front pay, and a cut-off date with an appropriate discount rate is sufficient

to account for future uncertainty, Order at 12; 2) the evidence presented support its finding that Fresquez would likely have remained at BNSF for an additional ten years, *id.* at 17; 3) under the circumstances presented at the hearing on Fresquez's motion for back and front pay, BNSF did not carry its burden and show that Fresquez failed to mitigate his damages, *id.* at 21; 4) BNSF's request to reduce Fresquez's back pay by the amount Fresquez received in unemployment benefits is rejected; *id.* at 25; 5) Opp used a logical method for determining Fesquez's lost future wages, *id.* at 26; And 6) the parties were to calculate the health benefit component of front pay by adding a multiplier to the straight pay wage losses as the court did in *Huebner v. City of Roswell*, 2002 WL 35649508 (Dec. 10, 2002 D.N.M.).

Opp, an experienced financial consultant and economist, was retained by Fresquez to calculate his backpay and front pay. Mr. Opp's report is attached hereto and incorporated herein to this brief in support of Fresquez's motion for front and back pay. Opp's attached report provides the numerical data supporting his computation of the total economic loss of Fresquez and was calculated pursuant to this Court's November 4, 2019 order. Based on the foregoing, Opp has concluded that Fresquez past lost wages amount to $183,198. Further, Mr. Opp has calculated Fresquez's future lost earnings in the amount of $457,877. Finally, this Court held that Fresquez would have only worked for BNSF for an additional ten years. As a result, Opp calculated in his attached report Fresquez's lost Tier I and Tier II RRB benefits under the assumption that Fresquez would have permanently left the employment of the railroad after an additional ten years. Opp concluded future lost Tier I RRB benefits in the amount of $57,062 and future lost Tier II RRB benefits in the amount of $25,400. Based on the foregoing authority, Fresquez seeks an award for backpay in the amount of $183,821, with interest, and front pay in

the amount of $540,339, with interest, for a total award for lost wages and benefits in the amount of $723,537, with interest.

Interest

On November 4, 2019, this Court ordered the parties to calculate prejudgment interest using a fixed interest rate of 5.54 %, with such interest compounded monthly. The parties were further directed to use the formula approved by the Tenth Circuit in *Reed v. Mineta*, 438 F.3d 1063, 1067 n. 4 (10th Cir. 2006).  Opp's attached report provides the numerical data supporting his computation of the prejudgment interest of Fresquez and was calculated pursuant to this Court's November 4, 2019 order.

## **CONCLUSION**

Based on the foregoing authority, Fresquez seeks an award for backpay in the amount of $183,821, and front pay in the amount of $540,339, for a total award for lost wages and benefits in the amount of $723,537, with interest in the amount of, at least, $157,308.45.

Respectfully submitted,

/s/ Nicholas D. Thompson
Nicholas D. Thompson (MN#0389609)
Jonathan L. Stone (VA#75483)
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 393-4093 – Telephone
(757) 397-7257 - Facsimile
nthompson@moodyrrlaw.com
jstone@moodyrrlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of December, 2019 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Keith M. Goman, Esq.
Gillian Dale, Esq.
Hall & Evans, LLC
1001 Seventeenth Street
Suite 300
Denver, CO 80202
gomank@hallevans.com
daleg@hallevans.com

                                                /s/ Nicholas D. Thompson
                                                Nicholas D. Thompson (MN#0389609)