**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0844-WJM-SKC

BRANDON FRESQUEZ,

    Plaintiff,

v.

BNSF RAILWAY CO.,

    Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
FEES AND COSTS AND DENYING DEFENDANT'S MOTION TO
ALTER OR AMEND ORDER GRANTING IN PART PLAINTIFF'S
FEE MOTION & SUPPLEMENT FEE MOTION**

---

Plaintiff Brandon Fresquez sued his former employer, BNSF Railway Co. ("BNSF"), for retaliating against him for engaging in protected activity by terminating his employment, in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"). On February 11, 2019, the case proceeded to a 6-day trial before United States District Judge Wiley Y. Daniel of the District of Colorado. On February 19, 2019, the jury returned a verdict in favor of Fresquez. (ECF No. 152.)

On March 20, 2020, the Court issued an order (the "Prior Order") granting in part Plaintiff's Motion for Fees and Costs (ECF No. 165) and Plaintiff's Supplemental Motion for Fees and Costs (ECF No. 199). (ECF No. 230.) Specifically, the Court concluded that a reasonable hourly rate for Fresquez's counsel was $450 per hour (instead of the

requested $625 per hour) and that Fresquez's counsel was entitled to $539,010 in attorneys' fees, $45,672.79 in costs, and $40,516.83 in expert witness fees, for a total award of $625,199.62.  (*Id.* at 7, 16.)

Before the Court is Fresquez's Supplemental Motion for Fees and Costs ("Fee Motion"), filed on April 3, 2020.  (ECF No. 232.)  Also before the Court is BNSF's Motion to Alter or Amend Order Granting in Part Plaintiff's Fee Motion & Supplemental Fee Motion ("Motion for Reconsideration"), filed on April 17, 2020.  (ECF No. 237.)

For the reasons set forth below, the Fee Motion is granted in part and the Motion for Reconsideration is denied.

## I.  MOTION FOR RECONSIDERATION

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where (1) there has been an intervening change in the controlling law; (2) new evidence that was previously unavailable has come to light; or (3) the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit

2

issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

In the Prior Order, the Court noted that "the Colorado Bar Association's 2017 Economics of Law Practice Survey shows that the median hourly billing rate for Colorado-based, plaintiff's-side, labor and employment private practitioners was $313, and the 75% percentile is $356" and determined that these rates "establish a baseline of reasonableness." (ECF No. 230 at 6.) After considering the prevailing market rates for Colorado employment lawyers, as well as the national rates for experienced FRSA lawyers, Fresquez's counsel's experience, and the level of competence required to successfully litigate this FRSA claim, the Court determined that $450 was a reasonable hourly rate for Fresquez's counsel, Nick Thompson and John Stone. (*Id.* at 6–7.)

In the Motion for Reconsideration, BNSF "asks the Court to revisit the analysis [of the attorneys' fee award in the Prior Order] and upon doing so to amend its order by changing the rate for the fee award to between $313 and $356 per hour." (ECF No. 237 at 5.) BNSF does not present new evidence or argue that there has been an intervening change in the controlling law. Instead, BNSF contends that the Court erred by determining that a reasonable hourly rate for both Mr. Thompson and Mr. Stone is $450 per hour, which is a higher rate than the "baseline of reasonableness" the Court identified for Colorado practitioners. (*Id.* at 3.)

Specifically, BNSF argues that the Court erred by increasing the hourly rate based on "attorney specialization and the type of matter." (ECF No. 237 at 4.) BNSF

3

cites *Perdue v. Kenny A. ex rel. Winn*, 599 U.S. 542 (2010), for the proposition that the "novelty and complexity of a case generally may not be used as a ground for enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" (ECF No. 237 at 4.) However, *Perdue* dealt with additional fee enhancements applied to a lodestar figure *after* the district court determined the proposed hourly rate was "fair and reasonable" and determining the appropriate number of billable hours. *Perdue*, 559 U.S. at 548. As the Supreme Court recognized, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are *reflected in the reasonable hourly rate*.'" *Id.* at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 566 (1986)) (emphasis added); *see also Blum v. Stenson*, 465 U.S. 886, 898 (1984) (recognizing that an upward adjustment to fees calculated based on the reasonable rate times reasonable hours was inappropriate because "the special skill and experience of counsel should be reflected in the reasonable of the hourly rates"). Thus, these cases do not stand for the proposition that a district court may not consider the type of matter and an attorney's skill and experience in determining what hourly rate to apply to a fee award.

BNSF next argues that "even considering the rates awarded in other communities as pertinent, . . . the differing experience levels of the attorneys involved in those cases shows that the cases do not support an upward adjustment" to the baseline rates that the Court identified for the Colorado market. (ECF No. 237 at 3.) However,

4

by focusing on the precise number of years that the attorneys in each of the underlying cases had practiced, BNSF misses the forest for the trees. The Court cited these cases not to argue that those attorneys had practiced for an identical number of years as Mr. Thompson and Mr. Stone, but instead in recognition of "the level of knowledge required to successfully litigate a FRSA claim, and the level of competency and diligence required to successfully litigate this particularly contentious FRSA claim." *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1109 (D. Mont. 2019); *see also Barati v. Metro-North R.R. Co.*, 939 F. Supp. 2d 153, 156 (D. Conn. 2013) (recognizing that FRSA attorney has a "longstanding an developed practice [that] makes him more efficient, creative, and effective for his railroad employee clients than an attorney of similar trial experience in federal litigation but without the benefits of his specialization"). It is these factors that led the Court to determine that a reasonable hourly rate for both Mr. Thompson and Mr. Stone was $450 per hour.[1] BNSF's disagreement with the Court's analysis and conclusions does not warrant changing the hourly rate for the fee award.

Thus, because BSNF has not demonstrated new evidence exists, a change in intervening law, or that the Court's analysis is clearly erroneous or would create manifest injustice, the Motion for Reconsideration is denied.

---

[1] The Court notes that although BNSF argues that the cases cited by the Court "do not support an upward adjustment to the baseline rates" (*see* ECF No. 237 at 4), BNSF did not analyze the applicable baseline rates within those practitioners' markets for plaintiff-side labor and employment practitioners who do not have specialized knowledge in FRSA litigation.

## II.  FEE MOTION

In the Fee Motion, Fresquez's counsel seeks recovery for $89,820.00 in fees and $1,812.91 in costs incurred since the dates included in counsel's earlier motions for fees and costs.  (ECF No. 232 at 1.)

### A.     Attorneys' Fees

Implicit in any award of attorneys' fees is the requirement that any such fees must be reasonable.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant, or otherwise unnecessary hours).  The party requesting attorneys' fees has the "burden to prove and establish the reasonableness of each dollar, each hour, above zero."  *Mares*, 801 F.2d at 1210.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckhardt*, 461 U.S. 424, 433 (1983).  This is commonly referred to as the "lodestar method" for calculating fees.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).  The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"  *Id.* at 1510 (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).  The prevailing party must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary." *Hensley*, 461 U.S. at 434.  Where such an effort appears "inadequate, the district court may reduce the award accordingly."  *Id.* at 433.

**B.     Analysis**

    1.     <u>Attorneys' Fees</u>

For the reasons set forth in the Prior Order, the Court again concludes that a reasonably hourly rate for Mr. Thompson and Mr. Stone is $450.  (*See* ECF No. 230 at 7.)  The Court will apply the same rate for Adam Hansen, an attorney who specializes in appeals.[2]

Fresquez's counsel billed 199.6 hours on this case since the dates included in Fresquez's initial and supplemental motions for fees and costs.  (ECF No. 232 at 1; ECF No. 232-1.)  BNSF argues that these hours—which were spent preparing Fresquez's 55-page response to BNSF's post-trial motions, drafting the Fee Motion, and completing miscellaneous related tasks—are "on [their] face excessive, particularly given that many of the arguments could have been copied from prior briefing in this matter."  (ECF No. 238 at 2.)  The Court agrees with BNSF.

In addition to specializing in FRSA litigation, Mr. Thompson and Mr. Stone attended trial and therefore were familiar with the record, which likely assisted their efforts to respond to BNSF's post-judgment motions.  The Court also note that BNSF's post-judgment motions raised many of the same issues that have previously been litigated in this matter.  Likewise, counsel has familiarity at this point drafting

---

[2] In its response to the Fee Motion, BNSF did not argue that a rate of $450 per hour for Mr. Hansen is inappropriate.

supplemental petitions for fees in this action.  Thus, the hours billed to draft Fresquez's response to BNSF's post-judgment motions, as well as the Fee Motion and related motions, appear grossly excessive.  The Court will reduce counsel's billed hours by 50% and deduct 99.8 of the hours spent drafting these motions and conducting related matters.

The Court finds that the remaining 99.8 hours were reasonably expended on the litigation.  As discussed above, the Court will apply an hourly rate of $450.  Multiplying the hours spent by the reasonable hourly rate equals $44,910.  Accordingly, the Court finds that Fresquez's counsel is entitled to $44,910 in attorneys' fees.

2.   Costs

Fresquez also seeks payment of $2,612.91 of costs, which include, among other things, a $1,000 cost for 10 mock jurors and fees for Lexis/Nexis and PACER legal research charges.  (ECF No. 232 at 1; ECF No. 232-2 at 2–4.)

In its response, BNSF objects to Fresquez's attempted recovery of the mock jury costs, arguing that "Plaintiff previously submitted this item as a non-taxable cost and because this cost was already included in the Court's [prior] ruling."  (ECF No. 238 at 3.) In his reply, Fresquez concedes that BNSF is correct.  (ECF No. 240 at 3.)  Fresquez therefore reduced his request for costs by $800, to $1,812.91 (ECF No. 240 at 3.) However, Fresquez originally stated that his mock jury costs were $1,000—not $800— which is consistent with the documentation he provides.  (*See* ECF No. 232-2 at 2–3.) Accordingly, the Court will reduce Fresquez's requested costs by an additional $200.

BNSF next objects to Fresquez's request for reimbursement of his Lexis/Nexis and PACER research charges, arguing that Fresquez "has not shown that such legal research is normally billed to a client, as required for an award of such costs" and "did not adequately show how the legal research was necessary to the case." (ECF No. 238 at 2 (quoting *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 2009 WL 1973501 at *12 (D. Colo. July 6, 2009).) In its reply, Fresquez argues that counsel "has declared that they exercised billing judgment, which means that the legal research was necessary and would be billed to an hourly-paying client." (ECF No. 240 at 2 (citing ECF No. 232-5 at ¶ 2).)

The Court disagrees that counsel's generic representation that he exercised billing judgment is akin to a specific representation that the legal research was necessary for the motions and would otherwise be billed to an hourly-paying client. Fresquez has therefore failed to show that he is entitled to legal research and PACER costs. *See Vialpando v. Johanns,* 2008 WL 410369, at *20 (D. Colo. Feb. 12, 2008) (finding online legal research expenses were not reimbursable, as the affidavits supporting the fee requests did not indicate that the bills "reflect work performed specifically for this case" and did not "describe the manner in which [p]laintiff's counsel accounted for such costs" or "that such charges are normally billed to the client"). The Court will therefore deduct the $271.16 of legal research and PACER costs from the requested costs. (*See* ECF No. 232-2 at 4.)

Accordingly, the Court finds that Fresquez's counsel is entitled to $1,341.75 in costs.[3]

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Alter or Amend Order Granting in Part Plaintiff's Fee Motion & Supplemental Fee Motion (ECF No. 237) is DENIED;

2. Plaintiff's Supplemental Motion for Fees and Costs (ECF No. 232) is GRANTED IN PART; and

3. Plaintiff is awarded $44,910 in attorneys' fees and $1,341.75 in costs, for a total award of $46,251.75 incurred since the dates included in counsel's earlier motions for fees and costs.

Dated this 8th day of March, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[3] To the extent BNSF reiterates its argument that costs under the FRSA are limited to taxable costs, the Court rejects this argument for the reasons outlined in the Prior Order. (*See* ECF No. 230 at 11–12.)